**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 14-174** |
| | ) | |
| CLIFFORD GREEN | ) | |

**<u>MEMORANDUM OPINION and ORDER</u>**

Defendant Clifford Green has filed a Petition to Terminate Supervision requests early termination of his supervised release. ECF No. 89. The government has filed a response opposing the motion. ECF No. 92. For the reasons explained below the Petition will be denied.

Mr. Green argues that early termination of his supervised release is warranted based on the fact that he has served two and one-half years of his four-year term of supervision. He states that he has incurred only one infraction; a domestic dispute incident after which he successfully completed a domestic violence counseling program. He notes that he is employed and that he shares custody of his two children. Finally, he refers to his guilty plea as a reflection of his acceptance of responsibility. The government persuasively argues that Mr. Green's Petition for early termination of supervised release should be denied.[1]

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making this determination the Court must consider the factors set forth in 18

---

[1] The government contacted the United States Probation Officer supervising Mr. Green, who informed the government that the Probation Office takes no position on the Petition.

U.S.C. § 3553(a)[2]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" United States v. Melvin, 978 F.3d 49, 52–53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)).  Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained that the "general rule" is that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." Melvin, 978 F.3d at 53.

Mr. Green was convicted of a serious offense: Conspiracy to Distribute and Possess with the Intent to Distribute 100 grams or more of Heroin.  He was sentenced to a term of imprisonment of 84 months.  The Court was required, by statute[3], to impose a term of supervised release of at least four years, which the sentencing Judge imposed in this case. The Court expects that all defendants on supervised release will successfully comply with the conditions of supervision.   Thus, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases.  Although Mr. Green has

---

[2]  The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

[3]  21 U.S.C. § 841(b)(1)(B)

been generally compliant with the terms of supervision, he did violate supervision committing a serious domestic violence incident.

This is a case in which supervision appears to be working properly.  There is no evidence that asking Mr. Green to comply with the conditions of supervision is either too harsh or inappropriately tailored to serve general punishment goals.  Mr. Green has not pointed to any aspect of supervision that is unduly burdensome.  Mr. Green has also not identified any new or exceptional circumstances to warrant the early termination of his supervision.[4]

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Green's supervised release at this time.

Accordingly, the following Order is hereby entered.


AND NOW, to-wit, this 21st day of March 2022, it is hereby ORDERED that Defendant's Petition  to Terminate Supervision is DENIED.


Marilyn J. Horan
United States District Court Judge

---

[4]  The Court acknowledges that it has the discretion to terminate supervision early even when there are no new circumstances.  United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020).